

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH LAWSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNIVERSITY OF HAWAII; DAVID LASSNER; MICHAEL BRUNO; CAMILLE NELSON; NICHOLAS A. MIRKAY, <br><br> Defendants - Appellees. | No. 24-6626 <br><br> D.C. No. 1:24-cv-00172-LEK-RT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii

Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 4, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Appellant Kenneth L. Lawson is a tenured law professor at the University of Hawaiʻi's (the "University") William S. Richardson School of Law (the "Law School"). Lawson filed suit against Appellees, alleging unconstitutional retaliation and other First Amendment-related claims in the District of Hawaii. He sought a preliminary injunction setting aside sanctions imposed by the University, the Law

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

School's new student listserv policy, and the University's workplace policies under which he was punished. The district court denied the preliminary injunction, finding that Lawson failed to show a likelihood of success on the merits. We affirm.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review a denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The factual findings underlying the district court's denial are reviewed for clear error, and the legal questions underlying the denial are reviewed de novo. *Id.*

"To obtain injunctive relief for a violation of § 1983, a plaintiff must establish: '(1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships justify a remedy in equity; and (5) that the public interest would not be disserved by a [preliminary] injunction.'" *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 730 (9th Cir. 2022) (citation omitted). Because "evidence of an ongoing constitutional violation [] satisfies the second element of the injunctive relief test," *id.* at 731, "a plaintiff 'must identify a practice, policy, or procedure that animates the constitutional violation at issue'" to "bring a claim for prospective injunctive relief," *id.* at 730 (citation omitted).

*No-Contact Orders*. Lawson was not under a no-contact order when the district court ruled. Lawson has not demonstrated that the University has an ongoing policy or practice of using the no-contact orders to suppress speech or that such a policy will be applied to him in the future. *See Riley's*, 32 F.4th at 730–31. The district court did not clearly err by suggesting the University was unlikely to reimplement the no-contact order with Professor Susan Serrano.

*Student Listserv Policy*. The district court did not clearly err in concluding that the new listserv policy was not retaliatory. The new listserv restriction is a generally applicable policy and was not an adverse action directed specifically against Lawson. *See Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009). The district court did not clearly err when it determined that the new listserv policy was not pretext for unconstitutional retaliation or viewpoint discrimination.

*Sex and Gender Misconduct and Nondiscrimination Policies*. The district court did not abuse its discretion in declining to enjoin the University's policies because Lawson failed to establish a likelihood of success on the merits of his prospective challenge. While Lawson may have established that the policies were improperly applied to him regarding the February 17 meeting (a question we do not decide), Lawson has not demonstrated that the University has an ongoing practice of using the policies to suppress speech. *See Riley's*, 32 F.4th at 730–31. Accordingly, the district court did not abuse its discretion in denying an injunction.

**AFFIRMED.**